IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DIEM LLC; | § | Civil Action No. 6:17-cv-00186 |
| Plaintiff, | § | |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| BIGCOMMERCE, INC.; | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DIEM LLC'S RESPONSE IN OPPOSITION TO BIGCOMMERCE'S MOTION FOR EXTENSION OF TIME TO SERVE INVALIDITY CONTENTIONS**

Plaintiff Diem LLC ("Diem") opposes BigCommerce Inc.'s ("BigCommerce") Motion for Extension of Time to Serve Invalidity Contentions because BigCommerce's inability to comply with this deadline stems solely from BigCommerce's own time mismanagement. Diem has been and remains willing to cooperate with BigCommerce when unforeseen circumstances make it difficult to comply with stated deadlines. This has already happened in this case as Diem previously agreed to BigCommerce's request for an extension of time to file its answer because BigCommerce's lead counsel needed to travel to India for a family emergency.

However, BigCommerce's current request falls outside the realm of exigent need and stems from BigCommerce's negligent case management. BigCommerce's predicament is not a result of unforeseen circumstances. This deadline has been set for over two months – ample time to retain counsel, investigate the facts of the case, and prepare the required contentions. Yet, Diem was unaware of BigCommerce's need for an extension until the morning of Friday, September 1, 2017 – the last business day before invalidity contentions are due. Further, the aforementioned email indicated that BigCommerce had only just recently retained a law firm in

1

order to prepare the contentions and that the requested extension was to allow the new firm to become familiar with the facts of the case.  This information seems to contradict BigCommerce's asertion that it "has been diligent in its preparation of invalidity contentions and in its rigorous factual and legal analysis of prior art."  Moreover, BigCommerce points to the holiday weekend as a justification for receiving its extension only to turn around and request that Diem require its lawyers to work over the holiday weekend to submit a response to its eleventh hour motion.  This represents the most recent incident in BigCommerce's track record of double speak regarding "professional courtesy." [1]

As a result of the foregoing, Diem opposes BigCommerce's request for an extension. Despite BigCommerce's request for professional courtesy, Diem is not obligated to alleviate scheduling difficulties brought on by BigCommerce's own time mismanagement.  Diem has been forthcoming and cooperative during the pendency of this case, but BigCommerce's most recent request exceeds Diem's depth of reasonable professional courtesy.

---

[1] It is noteworthy that BigCommerce requests this extension as an act of "professional courtesy" during the 21-day safe harbor window for the Rule 11 motion with which it has threatened Diem's counsel based on its maintaining the instant case against BigCommerce. Diem has extended BigCommerce professional courtesy regarding previous deadlines; such professional courtesy has been far from reciprocated by BigCommerce.

Dated: September 4, 2017                                  Respectfully submitted,

*/s/ Brett Rismiller*
Brett Rismiller
CA State Bar No. 295634
*Admitted Pro Hac Vice*
**HUSKY FINCH**
5640 B Telegraph Rd., Suite 209
St. Louis, MO  63129
Tel: (314) 329-7796
Email: brett.rismiller@huskyfinch.com

Kirby Drake
Texas State Bar No. 24036502
**KLEMCHUK LLP**
Campbell Centre II
8150 North Central Expressway, Fl. 10
Dallas, TX  75206
Tel: (214) 367-6000
Email: kirby.drake@klemchuk.com

**ATTORNEYS FOR THE PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 4, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Brett Rismiller*
Brett Rismiller