# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| DIEM LLC;<br><br>　　　　Plaintiff,<br><br>v.<br><br>BIGCOMMERCE, INC.;<br><br>　　　　Defendant. | Civil Action No. 6:17-cv-00186<br><br>**JURY TRIAL DEMANDED** |

**BIGCOMMERCE, INC.'S MOTION TO TRANSFER VENUE
TO THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant BigCommerce, Inc. respectfully requests this Court grant transfer to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a).

## I.     INTRODUCTION

This action lacks a connection to the Eastern District of Texas. Plaintiff Diem LLC is a Delaware corporation with no ties to this District and the witnesses most knowledgeable about the technology, product development, engineering, and marketing related to the accused product reside and work in the Northern District of California at the BigCommerce technological headquarters.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed its original complaint against BigCommerce alleging infringement of U.S. Patent No. 7,770,122 on March 27, 2017 (Dkt. No. 1). The sole accused product is BigCommerce's website. Plaintiff filed an amended complaint on May 26, 2017 (Dtk. No. 13) and BigCommerce filed its motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) on May 31, 2017 (Dkt. No. 14). The motion to dismiss was denied on July 26, 2017 (Dtk. No. 24).

## III.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…." 28 U.S.C. § 1404(a).

## IV.    ARGUMENT

### A.    Plaintiff Could Have Brought This Action in the Northern District of California

The threshold determination for a Section 1404(a) transfer analysis is whether the action could have been filed in the transferee judicial district. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

The Northern District of California has subject matter jurisdiction over Plaintiff's patent claims under 28 U.S.C. §§ 1331 and 1338(a). The Northern District of California also has personal jurisdiction over BigCommerce and is a proper venue for this case because, BigCommerce has a regular and established place of business in that district. *See* 28 U.S.C. § 1391(b); Mengoli Decl., ¶¶ 3-7.

### B. Private Interest Factors Weight in Favor of Transfer to the Northern District of California

#### 1. *Easier Access to Sources of Proof Favors the Northern District of California*

This factor weighs in favor of transfer when the parties are located in the transferee forum and no parties are located in the original forum. *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010).

Here, the BigCommerce technological headquarters is in Northern District of California and BigCommerce does not have a place of business nor any documents in the Eastern District of Texas (Mengoli Decl., ¶ 2). Less than 1% of its customers are located in the Eastern District of Texas and none of them are unique to this District. *Link Engine, LLC v. Vimeo, LLC*, No. 2:16-CV-1070 (E.D. Tex. April 19, 2017). BigCommerce is incorporated in Texas, however, it does not have any offices in Texas outside of Austin, Texas, which houses employees in the customer service division, sales, marketing, and general and administrative departments (Mengoli Decl., ¶¶ 3, 6, and 8). Conversely, every member of BigCommerce's top level of technical leadership, marketing, and corporate development works in the San Francisco office (Mengoli Decl., ¶¶ 4-

7), and **all** of the product and engineering employees that are C-level, vice-presidents, senior directors, or software architects are in the San Francisco office, excluding one software architect in the Sydney office (*Id.* at ¶¶ 3-7).

Moreover, the parties have agreed to produce and review BigCommerce source code at BigCommerce's office in San Francisco given that San Francisco is BigCommerce's technical headquarters. (Dkt. No. 35 at 10).

In addition, significant third-party evidence exists in and near the Northern District of California, including evidence relating to prior art from key prior art reference authors, Eric Bier (scientist at PARC) and Arturo Crespo (Google software engineer), authors of *WebWriter: A Browser-Based Editor for Constructing Web Applications*, Computer Networks and ISDN Systems (May 1996) vol. 28 no. 7-11, p. 1291-306, and Justin Rosenstein, Dana Levine, Ojan Vafai, Aaron Boodman, and David Jeske (named inventors of key prior art reference Pat. 9,514,235), all of whom reside in the Northern District of California. Exs. A-G.

Conversely, Plaintiff has identified *no* persons or evidence located in this District. Ex. H. Plaintiff is also a Delaware corporation and has no readily apparent business activity in Texas other than asserting this patent (Dkt. No. 13 ¶ 1). Plaintiff's attorney who prosecuted the '122 patent is based in New Jersey and the sole inventor resides in India. Exs. H-J.

Accordingly, because the vast majority of relevant sources of evidence are in the Northern District of California, the first private interest factor weighs strongly in favor of transfer.

        2.      *Availability of Compulsory Process Favors the Northern District of California*

Transfer is favored when "more third-party witnesses reside within the transferee venue." *Optimum Power Solutions LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 701 (E.D. Tex. 2011) (citing

3

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*")); *see also Sanger Ins. Agency, Inc. v. HUB Int'l, Ltd.*, No. 2:13-cv-528, 2014 WL 5389936, at *3 (E.D. Tex. Mar. 25, 2014) ("A venue that has 'absolute subpoena power for both deposition and trial' is favored over one that does not."); *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-cv-390, 2010 WL 3855520, at *5 (E.D. Tex. Sept. 30, 2010) (factor favored transfer to the Northern District of California where third-party witnesses would "not be subject to this Court's subpoena power, but would be subject to the Northern District's"). This factor weighs heaviest in favor of transfer when the transferee venue has "absolute subpoena power"—subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

This Court's power to compel a nonparty to attend a trial, hearing, or deposition extends to "100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Thus, the Northern District of California would have absolute subpoena power over nonparty witnesses located outside of this District, including key prior art reference authors, Eric Bier, Arturo Crespo, Justin Rosenstein, Dana Levine, Ojan Vafai, Aaron Boodman, and David Jeske, all of whom reside in the Northern District of California. Exs. A-G. These relevant third parties would be subject to a subpoena for trial in the Northern District of California, because they are located within 100 miles of the venue. *Id*. By contrast, based on Plaintiff's allegations, BigCommerce is aware of ***no*** potentially relevant third parties in this District.

Thus, this factor also supports transfer of this case to the Northern District of California. *See Hoffmann-La Roche*, 587 F.3d at 1338 (ordering transfer where E.D. Tex. did not have subpoena power over relevant witnesses, but transferee district did); *Optimum Power*, 794 F.

Case 1:18-cv-00515-LY   Document 48   Filed 11/07/17   Page 6 of 10

Supp. 2d at 701 (transferring patent infringement suit to the Northern District of California, in part, because "many non-party entities and individuals relevant to this case are located in California"); *see also ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 125 (E.D. Tex. 2009).

       3.       Cost of Attendance for Willing Witnesses Favors the Northern District of California

"The convenience of the witnesses is probably the single most important factor in transfer analysis." *Promote Innovation LLC v. Schering Corp.*, No. 2:10-CV-248, 2011 WL 665817, at *3 (E.D. Tex. Feb. 14, 2011).

The Fifth Circuit has adopted a "100-mile rule," which requires that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); *see also Volkswagen II*, 545 F.3d at 317 (favoring transfer where the proposed venue is a shorter average distance away from witnesses than the plaintiff's chosen venue); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (where witnesses need to travel "significantly further distance" to attend trial in transferor district, failure to weigh this factor in favor of transfer was erroneous).[1]

Applying this rule, there will be substantial inconvenience to witnesses if this case is tried in this District. The overwhelming majority of BigCommerce's potential technical, product, engineering, and marketing witnesses are located in San Francisco (Mengoli Decl., ¶¶ 4-7). In addition, key prior art witnesses reside in the Northern District of California. Exs. A-G. To

---

[1] By contrast, "[w]hen a particular witness will be required to travel 'a significant distance no matter where they testify,' then that witness is discounted for the purposes of the '100 mile rule' analysis." *Fujitsu*, 639 F. Supp. 2d at 767 (quoting *In re Genentech*, 566 F.3d at 1343-44).

5

testify at trial in this District, these non-party and party witnesses would need to make a trip of approximately 1600 miles on two separate flights followed by a lengthy drive—a journey lasting at least five hours each way and requiring an overnight stay. Exs. K-N. There are no nonstop flights to Marshall from any airport in the Northern District of California—including the airports in San Francisco and San Jose. *Id*. The closest airports into which witnesses could fly are in Shreveport, Louisiana (nearly 35 miles from Marshall) and Longview, Texas (nearly 30 miles from Marshall). Exs. O-P. This means longer travel times, higher associated costs, and greater scheduling burdens—all of which favor transfer. The Fifth Circuit recognized as much in *Volkswagen I*, where it ordered the transfer of a case filed in E.D. Tex. to W.D. Tex., partly because (1) "there are no direct flights between San Antonio and Marshall"; (2) the "city nearest to Marshall for purposes of traveling from San Antonio is Shreveport, Louisiana," which is a "40 mile drive" from Marshall; and (3) there is "no direct service between San Antonio and Shreveport, thereby requiring passengers to make a stop either in Dallas/Fort Worth or Houston." *In re Volkswagen AG*, 371 F.3d 201, 204 n.3 (5th Cir. 2004).

By contrast, the courts in the Northern District of California would be only a short drive for witnesses residing in the San Francisco Bay Area. Accordingly, this factor weighs strongly in favor of transfer.

### 4. *All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive Favor Transfer*

This factor concerns judicial economy. *In re Volkswagen of Am., Inc.*. 566 F.3d 1349, 1351 (Fed. Cir. 2009).

Here, there are no practical problems that exist and that would deter this Court from transferring to Northern California because this case is in its infancy. *See Transunion Intelligence L.L.C. v Search American, Inc.*, Case No. 2:10-CV-130, 2011 WL 1327038, *5

(E.D. Tex. Apr. 5, 2011). In addition, no discovery requests have been served by Plaintiff. Accordingly, this factor weighs in favor of transfer.

### C. Public Interest Factors Support Transfer to the Northern District of California

#### 1. Relative Court Congestion is Neutral

The Court may consider how quickly a case will come to trial and be resolved, however, this factor is the "most speculative" and, "as this Court has repeatedly found in the past, the parties' reliance on general civil statistics provides the court with little guidance as to the speed with which *patent* cases reach trial." *In re Genetech*, 566 F.3d at 1347; *Innovative Global Sys. LLC v. OnStar LLC*, No. 6:10-CV-574, 2012 U.S. Dist. Lexis 114504, *25 (E.D. Tex. Feb. 14, 2012) (emphasis in original). In addition, both the Eastern District of Texas and the Northern District of California have detailed local rules that streamline patent cases. Accordingly, this factor is neutral.

#### 2. Local Interest in Having Localized Interests Decided at Home Favors Transfer

When significant connections exist between a venue and the events that gave rise to the suit, this factor weights in favor of that venue. *Hoffman-La Roche Inc.*, 587 F.3d at 1338.

Here, the Northern District of California has significant connections to this case and a strong local interest because key prior art witnesses reside there, and because the key BigCommerce employees for development, deployment, and maintenance of the accused product reside there (Mengoli Decl., ¶ 5).

#### 3. Both Forums Are Familiar with the Governing Law

This Court and the Northern District of California are equally familiar with patent law. This factor is neutral.

*4. There is No Conflict of Law Question*

This case does not implicate conflicts of laws. This factor is neutral.

## V. **CONCLUSION**

BigCommerce respectfully requests this Court transfer this action to the Northern District of California.

Dated: November 7, 2017                             Respectfully submitted,

 */s/ Bobby Lamb*
Bobby Lamb
State Bar No. 24080997
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email: wrlamb@gillamsmithlaw.com

*Attorney for Defendant*
*BigCommerce, Inc.*

8

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that BigCommerce met and conferred with Plaintiff and Plaintiff indicated that it opposes transfer to the Northern District of California.

*/s/ Bobby Lamb*
Bobby Lamb

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 7, 2017, all counsel of record are being served with a copy of this document.

*/s/ Bobby Lamb*
Bobby Lamb
